USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 8/21/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARY WEST, *on behalf of herself and all others similarly situated*,

                Plaintiff,

v.

GLENBROOK FARMS HERBS AND SUCH, INC.,

                Defendant.

20-CV-3777 (RA)

ORDER

---

RONNIE ABRAMS, United States District Judge:

On May 22, 2020, the Court ordered that, within thirty (30) days of service of the summons and complaint, the parties must meet and confer for at least one hour in a good-faith attempt to settle this action. Dkt. 5. The Court further ordered that within fifteen (15) additional days (i.e., within forty-five (45) days of service of the summons and complaint), the parties must submit a joint letter requesting that the Court either (1) refer the case to mediation or a magistrate judge (and indicate a preference between the two options), or (2) schedule an initial status conference in the matter. *Id*.

On June 11, 2020, Plaintiff filed an affidavit of service averring that Defendant was served on May 21, 2020. Dkt. 6. The parties did not, however, file the letter required by the Court's May 22, 2020 Order within forty-five days of service. In a July 15, 2020 Order, the Court extended the parties' deadline to do so to August 5, 2020. Dkt. 9. To date, they still have not filed the required letter. Plaintiff shall file a status letter no later than **August 28, 2020**, describing her attempts to comply with the Court's May 22, 2020 and July 15, 2020 Orders, including whether she has met and conferred with Defendant for one hour in a good-faith attempt to settle this action and if so, the date on which she did so. **Failure to file the letter may result**

**in dismissal of this action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.**

In addition, Defendant's answer was due on June 11, 2020. On July 9, 2020, Lucinda Jenkins, the owner of Defendant, filed a pro se answer. That answer was docketed on July 13, 2020. Dkts. 7-8. Yet because Defendant is a corporation, the Court stated in its July 15, 2020 Order, Dkt. 9, that Defendants may not proceed *pro se* through Ms. Jenkins because "it is well established that a layperson may not represent a corporation." *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997) (citation omitted). The Court thus provided that, no later than July 29, 2020, Defendant shall secure counsel and that counsel shall enter an appearance in this action. Dkt. 9. To date, no attorney has entered an appearance on behalf of Defendant. Defendant's time to secure counsel is hereby extended to **September 11, 2020**. If Defendant does not do so, and if Plaintiff intends to move for default judgment—provided this action has not already been dismissed for Plaintiff's failure to prosecute—Plaintiff shall file her motion for default judgment no later than **September 25, 2020**.

The Clerk of Court is respectfully directed to mail this Order to Defendant at the address listed on the first page of Dkt. 8.

SO ORDERED.

Dated:   August 21, 2020
         New York, New York

          Ronnie Abrams
          United States District Judge