```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 9/22/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARY WEST, *on behalf of herself and all others similarly situated*,

                Plaintiff,

v.

GLENBROOK FARMS HERBS AND SUCH, INC.,

                Defendant.

20-CV-3777 (RA)

ORDER

---

RONNIE ABRAMS, United States District Judge:

Plaintiff Mary West brings this putative class action against Defendant Glenbrook Farms Herbs and Such, Inc. pursuant to the Americans With Disabilities Act. For the reasons that follow, the Court dismisses this action without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**BACKGROUND**

Plaintiff filed her Complaint on May 15, 2020. Dkt. 1. On May 22, 2020, the Court ordered that, within thirty (30) days of service of the summons and complaint, the parties must meet and confer for at least one hour in a good-faith attempt to settle this action. Dkt. 5. The Court further ordered that within fifteen (15) additional days (i.e., within forty-five (45) days of service of the summons and complaint), the parties must submit a joint letter requesting that the Court either (1) refer the case to mediation or a magistrate judge (and indicate a preference between the two options), or (2) schedule an initial status conference in the matter. *Id*.

On June 11, 2020, Plaintiff filed an affidavit of service averring that Defendant was served on May 21, 2020. Dkt. 6. The parties did not, however, file the letter required by the Court's May 22, 2020 Order within forty-five days of service. In a July 15, 2020 Order, the

Court extended the parties' deadline to do so to August 5, 2020. Dkt. 9. On August 21, 2020, the Court directed Plaintiff to file a status letter no later than August 28, 2020, describing her attempts to comply with the Court's May 22, 2020 and July 15, 2020 Orders, including whether she has met and conferred with Defendant for one hour in a good-faith attempt to settle this action and if so, the date on which she did so. Dkt. 21. The Court's August 21, 2020 Order stated, in bolder letters, "**Failure to file the letter may result in dismissal of this action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.**"

To date, the parties have not filed the join letter required by the Court's May 22, 2020 and July 15, 2020 Orders, and Plaintiff has not filed the letter required by the Court's August 21, 2020 Order. Plaintiff has thus failed to comply with this Court's Orders for a total of four months.

## LEGAL STANDARD

Rule 41(b) of the Federal Rules of Civil Procedure provides that a district court may dismiss an action if "the plaintiff fails to prosecute or otherwise comply with [the] rules or a court order." Fed. R. Civ. P. 41(b). "A district court considering a Rule 41(b) dismissal must weigh five factors: '(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "No single factor is generally dispositive." *Id.*

Because a Rule 41(b) dismissal is "the harshest of sanctions," it must "'be proceeded by particular procedural prerequisites,' including 'notice of the sanctionable conduct, the standard by

2

which it will be assessed, and an opportunity to be heard.'" *Id.* at 217 (quoting *Mitchell v. Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013)). Furthermore, "a pro se litigant's claim should be dismissed for failure to prosecute 'only when the circumstances are sufficiently extreme.'" *Id.* (quoting *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001)).

## DISCUSSION

Several of the above factors weigh in favor of dismissing this action under Rule 41(b). First, the duration of Plaintiff's non-compliance is significant: Plaintiff has not meaningfully communicated with the Court in the four months that this case has been pending, other than filing an affidavit of service on June 11, 2020. *See, e.g.*, *Singelton v. City of New York*, No. 14-CV-9355 (DLC), 2015 WL 9581781, at *2 (S.D.N.Y. Dec. 30, 2015) (dismissing an action under Rule 41(b) where the plaintiff had not communicated with the court in over two months); *Portorreal v. City of New York*, 306 F.R.D. 150, 152 (S.D.N.Y. 2015) (dismissing an action for failure to prosecute where the plaintiff had "repeatedly ignored orders setting deadlines and requiring status letters" and her response to a court order was "almost two months overdue"); *Toliver v. Okvist*, No. 10 Civ. 5354, 2014 WL 2535111, at *2 (S.D.N.Y. June 5, 2014) (R. & R.) (recommending the dismissal of a case under Rule 41(b), where the plaintiff's response to a court order was five weeks overdue), *adopted*, 2015 WL 8543103 (S.D.N.Y. Dec. 10, 2015). Second, Plaintiff was on notice that her failure to comply would result in dismissal: the Court's August 21, 2020 order explicitly warned Plaintiff that this action would be dismissed if she failed to respond. Dkt 10; *see also Mitchell*, 708 F.3d at 468 (holding that a district court did not abuse its discretion in dismissing an action where its "detailed scheduling order clearly stated that future noncompliance and tardiness would be met with dismissal"). Third, Plaintiff has been given an opportunity to be heard; indeed, Plaintiff was required only to provide the Court with a letter to avoid dismissal. Fourth, this case has been pending for approximately four months, and the Court has an obligation "to secure the

3

just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. In light of these considerations, the Court finds that Plaintiff's non-compliance warrants dismissal.

On balance, however, the Court concludes that a "less drastic" sanction than dismissal with prejudice is appropriate in this case. *Baptiste*, 768 F.3d at 216. Any prejudice to Defendant has been minor: this case is at an early stage, and based on the record, it does not appear that Defendant has had any substantive involvement in the case. *See LeSane*, 239 F.3d at 210 ("[T]here is no evidence in the record that plaintiff's delay . . . caused any particular, or especially burdensome, prejudice to defendants beyond the delay itself."). Moreover, this action has not substantially burdened the Court's docket: the Court has not decided any substantive motions, held any hearings, presided over any discovery, or scheduled trial. Under these circumstances, the Court finds that dismissal without prejudice is a less harsh, and more appropriate, sanction for Plaintiff's failure to communicate with the Court or to comply with the Court's orders. *See, e.g.*, *Ortega v. Mutt*, No. 14-CV-9703 (JGK), 2017 WL 1133429, at *2 (S.D.N.Y. Mar. 24, 2017) (finding that, where any prejudice to the defendant was minor, "the lesser sanction of dismissal without prejudice (rather than with prejudice) is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendant by retaining open lawsuits with no activity" (internal quotation marks omitted)); *see* also 2 Moore's Federal Practice § 19.101 ("The alternative sanctions that the court should consider include . . . dismissal without prejudice . . . .").

## CONCLUSION

For the foregoing reasons, this action is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b). The Clerk of Court is respectfully directed to close this case, and to mail this Order to Defendant at the address listed on the first page of Dkt. 8.

SO ORDERED.

Dated:    September 22, 2020
            New York, New York

                                          Ronnie Abrams
                                          United States District Judge